**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4256**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LOGAN HOLMES,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Donald C. Coggins, Jr., District Judge.  (6:23-cr-00614-DCC-6)

_____

Submitted:  March 27, 2025                                Decided:  June 13, 2025

_____

Before NIEMEYER, GREGORY, and BENJAMIN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Kenneth C. Gibson, GIBSON LAW, Greenville, South Carolina, for Appellant.   Jamie L. Schoen, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Logan Holmes pled guilty, without a written plea agreement, to conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (B), 846. The district court sentenced him to a term of 135 months' imprisonment and five years' supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating there are no meritorious grounds for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Holmes's guilty plea and whether the court imposed a procedurally and substantively reasonable sentence. Although informed of his right to do so, Holmes has not filed a pro se supplemental brief, and the Government has elected not to file a response brief. We affirm.

Because Holmes did not move to withdraw his guilty plea in the district court, we review the validity of his plea for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). Prior to accepting a guilty plea, the district court, through a colloquy with the defendant, must inform the defendant of, and determine that the defendant understands, the charge to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces upon conviction, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The district court also must ensure that the defendant's plea was voluntary, was supported by a sufficient factual basis, and did not result from force, threats, or promises. Fed. R. Crim. P. 11(b)(2), (3).

We have reviewed the Rule 11 colloquy and, although the district court did not discuss the immigration consequences of pleading guilty, as required by Fed. R. Crim. P.

2

11(b)(1)(O), that omission did not affect Holmes's substantial rights because the court had ascertained during the plea hearing that Holmes is United States citizen. *See United States v. Davila*, 569 U.S. 598, 607 (2013) (providing standard). Thus, we discern no plain error. We also conclude that Holmes's guilty plea is valid, as there is no evidence in the record suggesting that Holmes was threatened or coerced into entering a guilty plea, and the factual basis adequately supports his plea.

*Anders* counsel questions the calculation of Holmes's sentence and the substantive reasonableness of the sentence. (*Anders* Br. at 13-19). This court reviews a criminal "sentence[]—whether inside, just outside, or significantly outside the Guidelines range— under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This court "first ensure[s] . . . the district court committed no significant procedural error, such as . . . improperly calculating[] the Guidelines range, . . . failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* at 51.

If there is no significant procedural error, then this court considers the sentence's substantive reasonableness under "the totality of the circumstances." *Id.*; *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). Where, as here, the sentence is within the advisory Guidelines range, this court presumes that the sentence is substantively reasonable. *United States v. Henderson*, 107 F.4th 287, 297 (4th Cir.), *cert. denied*, 145 S. Ct. 578 (2024). "The presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* (internal quotation marks omitted).

Holmes's sentence is procedurally and substantively reasonable. The district court properly calculated the applicable Sentencing Guidelines range as 135 to 168 months' imprisonment, based on a total offense level of 31 and a criminal history category of III. The court listened and responded to the parties' arguments regarding the appropriate sentence, allowed Holmes and his family members to address the court, and adequately explained its decision to impose a within-Guidelines sentence instead of the below-Guidelines sentence Holmes had requested. Holmes's sentence is not procedurally unreasonable, nor has he rebutted the presumption of substantive reasonableness. We therefore discern no abuse of discretion in the imposition of Holmes's sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Holmes, in writing, of the right to petition the Supreme Court of the United States for further review. If Holmes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Holmes.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*